William F. Glass, Jr., Esq. Informal Opinion Gordon Heights Fire District No. 98-50 611 High Street Port Jefferson, New York 11777
Dear Mr. Glass:
You have requested an opinion regarding whether a certificate of relief from disabilities, issued pursuant to Correction Law § 701, permits an individual convicted of attempted arson in the third degree to become a member of a volunteer fire company or to serve as a fire commissioner.
Under Town Law § 176-b(16), "[a] person who has been convicted of arson in any degree1 shall not be eligible to be elected or appointed as a volunteer member of a fire company. The membership of any volunteer member of a fire company shall immediately terminate if he is convicted of arson in any degree while a member of a fire company." This statutory bar may be removed by obtaining a certificate of relief from disabilities issued pursuant to Correction Law § 701. A certificate of relief from disabilities may be granted "to relieve an eligible offender2 of any forfeiture or disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein." Correction Law § 701(1). Accordingly, a person who has been issued a certificate of relief from disabilities is not automatically disqualified by reason of a conviction of arson in any degree from becoming a member of a volunteer fire company.3
While in this instance disqualification is not automatic, it is important to note that both the fire district and the fire company would continue to have broad discretion to determine whether to appoint or elect the person as a volunteer member.4 Town Law § 176-b; 1986 Op Atty Gen (Inf) 67; 1977 Op Atty Gen (Inf) 169. While a certificate of relief from disabilities removes all statutory disabilities and bars, it does not "in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege." Correction Law § 701(3). In our view, the fire company or fire district commissioners may exercise this discretion regarding proposed or existing volunteer members convicted of arson in any degree. A certificate of relief from disabilities simply prevents the specified conviction from acting as an automatic bar. Op Atty Gen No. 94-F2.
In answer to your question, then, although a certificate of relief from disabilities removes the statutory disability imposed by Town Law § 176-b(16), both the fire district and the fire company may continue to exercise their discretion in determining whether to appoint or elect a person convicted of attempted arson in the third degree as a volunteer member. We note that "[c]ourts have repeatedly upheld a discretionary body's denial or forfeiture of a right, privilege or license after an examination by that body of the facts and circumstances surrounding a felony conviction, despite the issuance of a certificate of relief from civil disabilities by the original sentencing court in each instance." Op Atty Gen No. 91-F10 (citing, Springer v. Whalen, 68 A.D.2d 1011 [3d Dept], lv denied, 47 N.Y.2d 710 [1979]; Belmar v. New York City Board of Education, 122 A.D.2d 478 [3d Dept], app dismissed, 69 N.Y.2d 707
[1986]).5
You have also asked whether a person convicted of attempted arson in the third degree would be able to serve as a fire commissioner. "A person who has been convicted of arson in any degree6 shall not be eligible for nomination, election or appointment to the office of fire district commissioner or fire district officer." Town Law § 174(5). Additionally, "[a] person who has been convicted of arson in any degree shall not be eligible for election or appointment to the office of fire district commissioner, treasurer or secretary. Any fire district commissioner, treasurer or secretary who is convicted of arson in any degree during his term of office shall be disqualified from completing such term of office." Town Law § 175(3). Therefore, a person who has been convicted of attempted arson in the third degree clearly would be ineligible to serve as a fire commissioner. In this instance, a certificate of relief from disabilities does not remove the statutory bar. Although a certificate of relief from disabilities removes statutory bars to employment, it does not apply to the right of a person to retain or to be eligible for public office. Correction Law § 701(1). Accordingly, because the position of fire commissioner is a public office, see, Town Law § 174; 1980 Op Atty Gen (Inf) 111, a certificate of relief from disabilities does not permit a person convicted of attempted arson in the third degree to serve as a fire commissioner. That person is disqualified.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General